# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2518 | **DATE** | 1-8-2013 |
| **CASE TITLE** | Dariel White (#B-59626) v. John Stroger Hospital, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $12.50 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Pontiac Correctional Center. Pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim. Failure to submit an amended complaint by 2/5/2013 will result in summary dismissal of this case.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

     Plaintiff, presently in state custody at Pontiac Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that while in custody at the Cook County Jail, he was subjected to deliberate indifference to serious medical conditions at both John Stroger Hospital and Cermak Health Services. He further alleges that he was mistreated during his transport between the hospital and the Jail, causing him bleeding and discomfort around his surgery wound.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.50. The inmate trust fund officer at Pontiac Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Pontiac Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from Pontiac to another correctional facility.

     Plaintiff must submit an amended complaint, as the complaint on file is unacceptable. The complaint contains misjoined claims against unrelated defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *Id*. at 607. Plaintiff here has raised a claim for deliberate indifference to a serious medical condition against John Stroger Hospital and John Doe Doctors who preformed surgery on him for a cancerous tumor in his lungs, a claim for deliberate indifference to a serious medical condition against Cermak Health Services relating to care he received for a blood clot that developed after he was returned to the Cook County Jail from John Stroger Hospital, and excessive force/deliberate indifference to a serious medical condition against unnamed Cook County correctional officers for cuffing him during his transport back the Jail.

As discussed in *George*, "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated Defendants cannot stand. *Id.* at 606.

Plaintiff makes distinct claims for deliberate indifference to a serious medical condition against three separate groups of Defendants (unnamed John Stroger Hospital doctors, Cermak Health Services doctors, and Cook County correctional officers ). Plaintiff must choose between the claims he makes to pursue one core claim. Plaintiff may pursue multiple types of claims only to the extent that they involve a common Defendant. Otherwise, they must be brought as separate suits. So, Plaintiff must decide upon one central core claim to pursue against the individuals alleged to have violated his rights.

Additionally, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). If Plaintiff cannot name any individual involved, he can name the Medical Director of Cermak Health Services for the purpose of identifying any unknown Cermak Health Services Defendant. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name the Medical Director in order to identify unknown Defendants, he asserts no claims against him to hold him personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior)*. Thus, the Medical Director should be named as a Defendant in the amended complaint only if Plaintiff can articulate a claim against him or if he is needed to identify any unnamed medical personnel. To the extent that Plaintiff can state a viable claim against security staff, and cannot name the individuals involved, he should continue to name Cook County Sheriff Tom Dart in his supervisory role.

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendant or Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the
**(CONTINUED)**

| STATEMENT (continued) |
|---|

Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980). In amending his complaint, Plaintiff should keep in mind that county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). As such, John Stroger Hospital and Cermak Health Services are not proper Defendants.

Plaintiff is granted until February 5, 2013, to submit an amended complaint on the court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions, along with a copy of this order. If Plaintiff fails to comply with this order, the case will be dismissed.